SACKNER PRODUCTS, INC., *v.* EMPLOYMENT SECURITY COMMISSION.

1. UNEMPLOYMENT COMPENSATION—CIRCUIT COURT REVIEW—SUFFI-CIENCY OF EVIDENCE.

A circuit court may not reverse an award of the employment security commission appeal board on a question of fact unless the decision of the board is contrary to the great weight of the evidence (CLS 1961, § 421.38).

2. SAME—CIRCUIT COURT REVIEW—SUFFICIENCY OF EVIDENCE—MIS-CONDUCT.

Judgment of circuit court reversing award of employment benefits to claimant on the basis of misconduct, following grant of award by hearing referee and affirmance by employment security commission appeal board, *held*, reversible error, where a review of the record shows that the evidence of misconduct was disputed at trial before the hearing referee who, after observing the demeanor of the witnesses and assessing their credibility, accepted as fact claimant's testimony denying misconduct, since the trial court, on review of a decision from the employment security commission appeal board, may not reverse upon a question of fact unless the decision is contrary to the great weight of the evidence, and there was ample evidence to support the decision of the board (CLS 1961, § 421.38).

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Benefits § 49.
[2] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Benefits §§ 38, 49.

Appeal from Kent; Hoffius (Stuart), J. Submitted Division 3 March 8, 1967, at Grand Rapids. (Docket No. 1,706.) Decided November 8, 1967.

Anne Hamilton made application for unemployment benefits against Sackner Products, Inc., a Michigan corporation. Award for claimant granted by Employment Security Commission. Plaintiff appealed to hearing referee who affirmed. Plaintiff appealed to Employment Security Commission Appeal Board which affirmed. Plaintiff appealed to circuit court which reversed, granting judgment for plaintiff. Appeal by defendants Employment Security Commission and claimant. Reversed and remanded for reinstatement of decision of Employment Security Appeal Board.

*Miller, Johnson, Snell & Cummiskey (Stephen C. Bransdorfer, James L. Stokes,* and *Peter A. Patterson,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Arthur W. Brown,* Assistant Attorney General, for defendant Employment Security Commission.

*Michael S. Friedman,* for defendant Hamilton.

BURNS, J. This is an appeal from a circuit court judgment which held that Anne Hamilton (hereinafter referred to as claimant) was disqualified from receiving Michigan employment security benefits because of alleged misconduct connected with her work.[1] Claimant was employed by Sackner Prod-

---

[1] See CL 1948, § 421.29(1)(a)(2), as amended by PA 1963, No 226 (Stat Ann 1963 Cum Supp § 17.531). See, currently, PA 1967, No 254 (Stat Ann 1967 Current Material § 17.531).

ucts, Inc., Grand Rapids, Michigan, from September 25, 1953, to September 27, 1963. Approximately 3 months before her discharge claimant began operating an automatic bobbin winding machine. Said machine contained 30 spindles upon which bobbins were placed and wound with paper yarn. After the required amount of yarn was wound around the bobbins, the machine ejected the bobbin, and a meter for each spindle registered the number of bobbins produced. The meter count was instrumental in determining claimant's hourly rate of pay. At the time in question the meter readings occasionally had to be estimated because of malfunctioning meters.

Prior to September 23, 1963, employees other than the claimant were responsible for reading the meter and placing the count on the back of claimant's time card. In August of 1963 appellee's vice-president and foreman suspected that someone was falsifying claimant's meter readings; the foreman allegedly discovered discrepancies between the figures put on the back of the time card and the figures recorded by the foreman. During the week of September 23, 1963, claimant was instructed to take her own meter readings. A comparison was made of her readings on the 24th and 26th of September with readings made by appellee's foreman and assistant foreman. Discrepancies were allegedly found, and on September 27, 1963, claimant was discharged for falsifying her meter count. On the day of her discharge claimant told the foreman who discharged her that she never cheated while working for Sackner Products and that she was too old to start cheating.

Claimant applied for benefits available through the Michigan employment security commission. Sackner Products contended that claimant was disqualified to receive benefits because she was dis-

charged for misconduct connected with her work, *i.e.*, falsifying her productivity records. The commission's determination and redetermination that claimant was not discharged for reasons of misconduct were appealed to the employment security referee. At all stages throughout the proceedings before employment security officials, claimant denied that she had planned or had intended to falsify her work records. The referee who heard this matter accepted the claimant's denial as fact and discounted other substantial contradictory and circumstantial evidence of culpability. The appeal board affirmed the referee's decision, but the reviewing circuit court found, in effect, that the evidence of culpability outweighed the credibility of the claimant, and therefore the court entered judgment in favor of Sackner Products. The circuit court premised its judgment on the statutory authority providing that a circuit court may reverse a decision of the appeal board upon a question of fact if it finds that said decision is contrary to the great weight of the evidence. CLS 1961, § 421.38 (Stat Ann 1960 Rev § 17.540).[2]

The reviewing circuit court judge was never in a position to accurately assess the credibility of the persons who testified before the referee, and therefore he was handicapped in according the claimant's testimony a fair weighted value. It appears that the court assigned *no weight* to claimant's account of events. The referee—who observed the witnesses and their demeanor—and the appeal board obviously concluded otherwise and so do we. A refined scale-tipping analysis of the evidence in this case is obviated when the weight of claimant's

[2] See, currently, PA 1967, No 254 (Stat Ann 1967 Current Material § 17.540) which provides that a circuit court may reverse "only if it finds that such order or decision is contrary to law or *is not supported by competent, material and substantial evidence on the whole record.*" (Emphasis supplied.)

testimony is taken into consideration. The decision of the appeal board was not contrary to the great weight of the evidence.

Reversed and remanded for reinstatement of the decision of the Michigan employment security appeal board. No costs, a public question being involved.

FITZGERALD, P. J., and HOLBROOK, J., concurred.